CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAR 31 2006
JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CONNIE ELAINE GLASCOE,<br>    Petitioner, | )<br>)<br>)   Civil Action No. 7:05-CV-00656<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )   By: Hon. Glen E. Conrad<br>)   United States District Judge |

Connie Elaine Glascoe, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion is presently before the court on the respondent's motion to dismiss. For the following reasons, the court will grant the respondent's motion.

## BACKGROUND

On March 10, 2004, Glascoe and eight other defendants were charged in a twenty-seven count indictment returned by a grand jury in the Western District of Virginia. Count One charged the defendant with conspiring to distribute 50 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846. Count Two charged the defendant with aiding and abetting in the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

On July 28, 2004, Glascoe pled guilty to both counts pursuant to a written plea agreement. In this agreement, the United States agreed to recommend a reduction for acceptance of responsibility, and to possibly file a motion for substantial assistance. In exchange, Glascoe agreed to "waive [her] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [her] by the Court."

United States Magistrate Judge B. Waugh Crigler conducted a guilty plea hearing on July

28, 2004. The magistrate judge subsequently issued a report in which he recommended that the court accept Glascoe's guilty plea. The magistrate judge determined that Glascoe was fully competent and capable of entering an informed plea, that Glascoe was aware of the nature of the charge against her and the consequences of her plea, and that Glascoe's plea was knowing and voluntary. Neither party filed any objections to the magistrate judge's report, and it was adopted on August 13, 2004.

Prior to sentencing, the United States filed a motion for downward departure, pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Federal Sentencing Guidelines, based on the substantial assistance Glascoe provided to law enforcement authorities. On April 8, 2005, the court granted the motion and sentenced Glascoe to a total term of imprisonment of 90 months.

Glascoe filed the instant § 2255 motion on October 28, 2005. Glascoe alleges that she did not receive a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, even though such motion was promised by the Assistant United States Attorney. The respondent filed a motion to dismiss on March 3, 2006. On March 7, 2006, Glascoe was sent a Roseboro notice, in which she was directed to file any response to the respondent's motion within twenty days. As of this date, Glascoe has not filed a response. Since the twenty-day period has now expired, the respondent's motion to dismiss is ripe for review.

## DISCUSSION

The respondent first argues that Glascoe's motion must be dismissed because she waived the right to collaterally attack her conviction or sentence as part of the plea agreement. The respondent correctly points out that the United States Court of Appeals for the Fourth Circuit has held that a waiver of the right to collaterally attack a conviction or sentence is valid as long as the waiver is knowingly and voluntarily made. U.S. v. Lemaster, 403 F.3d 216, 220 (4th Cir.

2005). However, because the respondent did not submit a copy of the transcript from Glascoe's guilty plea hearing, the court is unable to adequately review the validity of the waiver in this case. See Id. at 221-223 (concluding that the district court was not required to hold an evidentiary hearing on the issue of whether the petitioner's waiver was knowing and voluntary, where the issue was conclusively established by the petitioner's assertions during his Rule 11 colloquy and sentencing hearing).[1] Thus, the court will consider the merits of Glascoe's claim.

As previously stated, Glascoe claims that she was promised a Rule 35 motion by the Assistant United States Attorney in return for her cooperation and assistance in the prosecution of two co-defendants. Having reviewed the record, the court concludes that this claim is without merit. First, there is simply no evidence beyond Glascoe's bare assertion that such promise was made. The plea agreement between Glascoe and the United States contained no language about a Rule 35 motion. Although the agreement contained a clause regarding substantial assistance under Section 5K1.1 of the Federal Sentencing Guidelines, the clause stated that no one had promised to file a substantial assistance motion on Glascoe's behalf, and that the determination as to whether Glascoe was entitled to such motion was within the discretion of the United States Attorney's Office.[2] The agreement also stated that Glascoe had not been promised anything other than the terms of the plea agreement, and that the agreement constituted the entire understanding between the parties. Additionally, the respondent has filed affidavits from the Assistant United States Attorney, Glascoe's defense attorney, and the case agent. All three affidavits indicate that the Assistant United States Attorney did not expressly promise a Rule 35

---

[1] The court notes that the respondent filed a copy of the transcript from the sentencing hearing. However, the waiver of collateral attack rights was not discussed at that hearing.

[2] As previously stated, the government ultimately filed a motion for downward departure, pursuant to 18 U.S.C. § 3553(e) and § 5K1.1, which was granted by the court.

3

motion.[3] Glascoe has provided no evidence or argument to rebut these affidavits. Finally, the court notes that there is no allegation or evidence that the government failed to file the motion based upon an improper motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992).

For these reasons, the court concludes that Glascoe is not entitled to habeas relief. Accordingly, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 31st day of March, 2006.

_____
United States District Judge

---

[3]The Assistant United States Attorney stated in her affidavit that at no time during her discussions with Glascoe did she promise a Rule 35 motion. Likewise, the case agent stated in his affidavit that he could not recall any instance in which the Assistant United States Attorney promised any motions. Glascoe's defense attorney stated that he spoke with the Assistant United States Attorney about the outcome of the sentencing hearing, and that she indicated that she would "ask if there was anything else that Ms. Glascoe could do to assist the government and possibly earn a future reduction of her sentence through a Rule 35 motion." (emphasis added).